11 STEWART, Judge.
This criminal appeal arises from the 26th JDC, Parish of Bossier, The Honorable Cecil P. Campbell, II, presiding. Clyde Smith, Jr. was charged with simple burglary. A jury found the defendant Clyde Smith, Jr. guilty of unauthorized entry of a business, a violation of LSA-R.S. 14:62.4. On April 23, 1993, the trial court imposed a sentence of six years at hard labor. The defendant was granted an out of time appeal by this court on July 6, 1995. Smith urges two assignments of error.
FACTS
On March 8, 1992 Bossier City Police responded to a silent alarm at Bossier Baptist Church. Upon arrival, Officer McGee immediately inspected the exterior of the building and discovered a broken window accessing the church fellowship hall. Officer Sullivant radioed that he had observed a suspect inside the building. Hearing a loud thud, Officer McGee then observed a suspect running away from the building, pursued the suspect, and apprehended him in a nearby *492 neighborhood. Officer Sullivant recognized the suspect, later identified as Clyde Smith, Jr. (defendant), as the person he had observed inside the church braiding. Few items had been tampered with inside the church. At the time of arrest, defendant possessed a steak knife and a five inch pipe containing unknown residue.
DISCUSSION
1. The trial court erred in its instruction to the jury that LSA-R.S. 14:62.4 was a responsive verdict to LSA-R.S. 14:62 under the particular facts of this case.
Defendant urges a church cannot be considered a place of business; therefore, the defendant could not be found guilty of unauthorized entry of a place of business (LSA-R.S. 14:62.4) [1]. The state contends a church should be considered a place of business under the statute.
C.Cr.P. Art. 814(A)(44) includes guilty of unauthorized entry of a place of business as a responsive verdict to simple burglary. Defendant was initially charged with simple ^burglary. The jury returned a proper responsive verdict of unauthorized entry of a place of business. Defendant argues the verdict was not proper under the facts of this case because a church is not a business.
LSA-R.S. 14:62.4(A) states unauthorized entry of a place' of business is intentional entry by a person without authority into any structure belonging to another and used in whole or in part as a place of business.
In State v. Coleman, 528 So.2d 192 (La.App. 3rd Cir.1988), the court held a state employment office was a place of business for the purposes of the statute LSA-R.S. 14:62.4.
The court cited Black’s Law Dictionary definition of business as follows:
Employment, occupation, profession, or commercial activity engaged in for gain or livelihood. Enterprise in which person is engaged shows willingness to invest time and capital on future outcome. That which habitually busies or occupies or engages the time, attention, labor and efforts of persons as a principal serious concern or interest or for livelihood or profit. Black’s Law Dictionary, 179 (5th ed. 1979).
The court stated, “[ajpplying this article (LSA-R.S. 14:62.4 A) to the case sub judice, we do not believe a person of ordinary intelligence would consider a state employment office in any other capacity than a place of business.”
Even though a church may not be engaged in business primarily for profit, it should nevertheless be recognized as a business. A church provides services as many businesses do. The church generally has employees and regular expenses which must be paid by some official of the church. The church generally receives its operating expenses from the contributions of its members. Today, many churches even sell products such as tapes, videos, books, shirts, or other paraphernalia to support their ministries. All of these characteristics are generally similar to a typically defined business.
In Meyers v. Southwest Region Conference Association of Seventh Day Adventists, 88 So.2d 381 (La.1956), the court held a church to be a business within the meaning of the worker’s compensation statute for the purpose of an injured employee receiving benefits.
| sConsidering all factors, it is indeed difficult to see how a person of ordinary capacity could consider a church as anything other than a place of business. LSA-R.S. 14:62.4 is a proper responsive verdict under the facts of the ease. The jury’s verdict was proper.
This assignment lacks merit.
2. The trial court erred in imposing an unconstitutionally excessive sentence.
Defendant urges that the sentence imposed is excessive based upon the facts of the case. The state contends that the sentence is within statutory limits and is fair in light of the circumstances of the case.
*493 Unauthorized entry of a place of business is punishable by a fine of not more than one thousand dollars and/or imprisonment with or without hard labor for a maximum of six years. LSA-R.S. 14:62.4 B. As a second felony habitual offender, defendant was exposed to imprisonment for a minimum of three and a maximum of twelve years, without benefit of probation or suspension of sentence. LSA-R.S. 15:529.1 A(l) and G. State v. Fleming, 593 So.2d 1298 (La.App. 1 Cir.1991).
The state filed a multiple offender bill on April 20, 1993. Defendant was determined to be a second felony offender and received a six year sentence. This is a mid-range sentence based on the three to twelve year statutory sentencing range.
In excessive sentence assignments, this court recognizes the wide discretion of the trial court and requires a manifest abuse of discretion be demonstrated before setting aside a sentence. State v. Square, 433 So.2d 104 (La.1983); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Norrell, 614 So.2d 755 (La.App. 2d Cir.1993).
The record does not reveal an abuse of discretion. Defendant was sentenced within the statutory range for a second felony offender. The trial judge cited that, under the sentencing guidelines, the defendant was classified in grid cell 6-B which classification was made prior to the multiple offender hearing, that defendant had an extensive criminal record that included criminal trespassing, theft by shoplifting, remaining after forbidden, resisting an officer, and that defendant also had a prior felony Uwhich was reduced to a misdemeanor as a result of a plea bargain. Additionally, the trial .judge noted that there were two pending burglary charges, and outstanding bench warrants and that defendant’s probation for a residential burglary was revoked because of the conviction in the instant case. Because of the previous probation revocation, continued criminal activity, and history of substance abuse, the trial judge stated a lesser sentence would deprecate the seriousness of the offense. The six year sentence is within statutory range, and the record does not indicate an abuse of discretion by the trial judge.
This assignment lacks merit.
CONCLUSION
The conviction and sentence are affirmed.
AFFIRMED.

. The defendant previously raised this issue before the court in a pro-se writ application for an out of time appeal. An out of time appeal was granted, but this issue was not decided substantively.