Dear Mr. Manning:
You have requested an opinion of the Attorney General in your capacity as General Counsel for the Louisiana Board of Commerce and Industry (Board) regarding an interpretation of the laws relating to the Enterprise Zone Program (Program). You specifically ask whether a newly constructed church constitutes abusiness for the purpose of receiving certain tax incentives available to commercial and industrial enterprises under the Program. Prior to a discussion and resolution of your inquiry, we believe a brief review of the laws comprising the Louisiana Enterprise Zone Act (Act) would be beneficial.
The Act is comprised of the statutory provisions contained in R.S. 51:1781 through 1790. Section 1782 constitutes the legislative declaration of purpose which provides, in pertinent part, the following:
 ". . . The legislature further finds and declares that there are certain depressed areas in the state that need the particular attention of government to help attract private sector investment into these areas, as well as many local economic efforts which could benefit from the assistance and input of state government. Therefore, it is declared to be the purpose of this Chapter to stimulate business and industrial growth in these areas of the state by the relaxation of governmental controls, by providing assistance to businesses and industries, and by providing tax incentives in these areas. It is further declared that the effective administration of both the Enterprise Zone Program and the Economic Development Zone Program is the sole responsibility of the Department of Economic Development which, by state law, is charged with coordinating these plans and programs aimed at developing optimum conditions for new and expanding industrial and commercial enterprises in this state with units of local government." [Emphasis added.]
Section 1783 enumerates definitions of various terms used in the Act. It provides, in pertinent part, the following:
 "For purposes of this Chapter, the following terms shall have the meanings hereinafter ascribed to them, unless the context clearly indicates otherwise:
* * *
 (4) `Enterprise zone' means a block group which is economically distressed and in need of expansion of business and industry and the creation of jobs . . . .
* * *
 (8) `Economic Development Zone' means a geographic area with specific identifiable boundaries which is being developed for commercial or industrial purposes . . . and is designated to receive the benefits of this Chapter. This term may include an industrial park, a business park, air park, research park, research and development park, downtown development district, former federal facility, port, or airport. The Department shall establish further qualifications for economic development zones by rule adopted pursuant to the `Administrative Procedure Act'." [Emphasis added.]
Section 1786 enumerates the duties of the Department of Economic Development (DED) and provides, in pertinent part, the following:
 "The Department shall administer the provisions of this Chapter and shall have the following powers and duties in addition to those mentioned elsewhere in this Chapter and in other laws of this state;
* * *
 (2) To assist the governing authority of an enterprise zone or economic development zone in obtaining assistance from any other department of state government, including assistance in providing training, technical assistance, and wage subsidies to new businesses and small businesses within an enterprise zone or economic development zone.
* * *
 (5) To promulgate rules and regulations to effectuate this Chapter, in accordance with the Administrative Procedure Act." [Emphasis added.]
The Act further provides that the Board, with the approval of the Governor, can enter into incentive contracts for the rebate of sales and use taxes imposed by state and local governmental subdivisions. Section 1787 (A)(1) provides, in pertinent part, as follows:
 "(1) For the rebate of sales and use taxes imposed by the state and imposed by its local governmental subdivisions . . . of the purchases of the material used in the construction of the building, or any addition or improvement thereon, for housing any legitimate business enterprise and machinery and equipment used in that enterprise . . ." [Emphasis added.]
It is abundantly clear from the statutory provisions enumerated hereinabove that the purpose of the Enterprise Zone concept is to attract private sector investments to economically depressed areas of our state through the implementation of sales and use tax rebates and income tax credits. It is the DED's responsibility to coordinate these incentive plans and programs aimed at developing optimum conditions for new and expanding industries and commercial enterprises.
R.S. 51:1787 captioned, Incentives, offers sales and use tax rebates to any legitimate business enterprise. This brings us to the issue: Does the phrase, any legitimatebusiness enterprise, include a church. We answer this question in the negative and cite the following rules of statutory construction in support thereof:
R.S. 1:3. Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
LSA-C.C. Art. 10. Language susceptible of differentmeanings
 When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
Art. 11. Meaning of words
 The words of a law must be given their generally prevailing meaning.
 Words of art and technical terms must be given their technical meaning when the law involves a technical matter.
Art. 12. Ambiguous words
 When the words of law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
Initially, we note that the term business enterprise is not defined within the Act. However, it is axiomatic that the proper meaning to be placed on a word in a statute depends on the context in which it is used. Liter v. City of BatonRouge, 258 La. 175, 245 So.2d 398 (1971). Further, in the absence of a controlling precedent, our courts will define a word as used in a statute upon its own analysis of the statute in its contextual setting. State v. Getty, 207 La. 89,20 So.2d 546 (1945). A business enterprise is defined in Black's Law Dictionary (5th edition) as an:
 "Investment of capital, labor, and management in an undertaking for profit."
The term church is defined in Black's Law Dictionary (5th edition) as:
". . . property used for religious worship . . ."
Based upon the above statutory and jurisprudential principles, we find that the term business enterprise, when read in the context of the laws comprising the Program, relates to industrial, manufacturing and commercial enterprises. We have been presented with no evidence that the church, in question, is involved in any of these enterprises. To the contrary, representatives of the church, in question, describe it as a non-profit corporation, the property of which is used primarily for religious worship. While it does employ and pay the salaries of several individuals who carry out the various programs of the church (e.g., pastoral care and prison ministries), it does not charge for its work in these areas. Rather, it relies upon the tithes and offerings of its membership.
Assuming, arguendo, the statutory provisions relating to this issue are ambiguous, the interpretation of those charged with its administration or enforcement is accorded substantial weight.State ex rel, Singelmenn v. Morrison, 57 So.2d 238
(La.App. Orleans Cir. 1952) writ denied. You advise that businesses entering into Enterprise Zone Contracts (Contracts) with the Board have typically been manufacturing, industrial or commercial enterprises. Commercial enterprises have included businesses in which tangible commodities are bought and sold, or services are rendered, such as retail stores or restaurants.
Thus, the Board has consistently interpreted the termbusiness to mean any business involved in manufacturing or commercial service industries. LAC 13:901.B.5. The Board has never considered a church used primarily as a place of worship and devoid of any commercial business enterprise, to be a qualifying commercial business. We concur with this interpretation.
You note the case of State v. Smith, 679 So.2d 491
(La.App. 2nd Cir. 1996) which held a church to be a place ofbusiness within the meaning of a statute that criminalizes the unauthorized entry of a place of business.
We have reviewed this criminal case and find it to be inapposite to the issue at hand which is the interpretation of the civil laws relating to Enterprise Zone Contracts.
It should be emphasized that this opinion is limited to this specific organization about which you inquire, as well as the facts presented in connection therewith for our review. Our conclusion is limited to the organization's participation in the Program, and should not be construed to affect the wide spectrum of tax benefits available to the church, including exemptions from state and federal income taxes, state ad valorem taxes and sales tax exemptions on certain religious items purchased. This opinion has no impact whatsoever on these legitimate tax exemptions.
Accordingly, it is the opinion of this office that the Enterprise Zone Program, and the incentives offered thereunder are not available to the church in question.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/RobIII/cla
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General