CLOVE, Judge.
STATEMENT OF THE CASE
On June 10, 1998, defendant Eugene King, III, was charged by bill of information with simple burglary of a religious building. On November 10, 1999, a jury found him guilty as charged. On November 24, 1999, the trial court sentenced the defendant to serve eight years at hard labor. A defense motion to reconsider the sentence was denied. Following sentencing, the State announced its intention to file a multiple bill charging the defendant as a triple offender. However, the record does not indicate that a multiple bill was ever filed.
STATEMENT OF THE FACTS
At about 3:00 a.m. on February 28,1998, Officers Alvin Walton and Henry Burke responded to an alarm at the Emanuel Spiritual Church at 2940 Cambronne Street. When they arrived at the location, they noted that the left front door had been pried open, so they called for additional assistance. The officers then entered the church and did a quick check of the sanctuary with, their flashlights and they observed a shadowy figure in the rear of the sanctuary. They heard a loud boom and then a crash. The subject then ran towards the church hallway and the officers followed.
li>Three doors opened onto the hallway and the officers tried them all. The one that led to the pastor’s study had a locked door that led to a private bathroom. After the officers tried the three doors off the hallway, they began to look at the ceiling until they heard noise coming from the pastor’s study. They followed the noise to the locked bathroom door. The officers identified themselves as police officers and twice ordered the defendant to come out. When he failed to do so, the officers forced the door open. The defendant mumbled to himself several times, “If I don’t move, they won’t see me.” However, the officers did see him.
The defendant scuffled with the officers and resisted arrest to the extent that four back-up officers were needed to assist in detaining the defendant. After Officer Walton advised the defendant of his rights, the defendant stated that he was inside the building cleaning up. On his way to the police car, the defendant told Officer Walton that someone else broke in, and he followed that person inside. Once he was in the backseat of the police car, the defendant stated that he was a member of the church.
Officer Walton called for the dispatcher to locate a contact person from the church, then went inside to canvas the area, while Officer Burke waited by the police car for the contact person. Officer Walton found a butter knife in the hallway near the door to the pastor’s study that could have defeated the lock to that door. He also found some paper goods stacked on the floor. In addition, he observed that the amplifier system had been pulled out of its connections, a glass vase was broken, and the vase stand was turned over.
A secretary for the church arrived at the scene and did not recognize the defendant. Marq Gray, the owner of the property, testified that he was out of town on the morning of the incident and returned the next day. He further testified that [3he had been a member of the church since its origination thirty-two years before the incident. Mr. Gray testified that the church had only about forty members, and the defendant was not one of them. He further testified that the sign on the outside of the building gave a schedule of the church services and activities, and there was no reason for anyone to be in the church in the early morning hours. He further testified that Donald Parker was *658 the sole caretaker, and that Mr. Parker had no assistants.
ERRORS PATENT
A review of the record indicates that the trial court erred by imposing an illegally lenient sentence. The defendant was convicted of burglary of a religious building. The sentencing range for that offense is imprisonment with or without hard labor for two to twelve years, at least two years of which 'shall be imposed without benefit of probation, parole or suspension of sentence. La. R.S. 14:62.6(B). The trial court failed to impose any prohibition of the benefits of probation, parole or suspension of sentence on the defendant. However, an error favorable to the defendant that is discovered on errors patent review, not raised by the State, may not be corrected on appeal. State v. Gervais, 546 So.2d 215 (La.App. 4th Cir.1989).
ASSIGNMENT THREE — SUFFICIENCY OF THE EVIDENCE
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. When the entirety of the evidence both admissible and inadmissible is sufficient to support the conviction, the accused is not entitled to an acquittal, and the reviewing court must review the assignments of error to determine whether the accused is entitled to a new trial. State v. Hearold, 603 So.2d 731 (La.1992). Thus, although insufficiency of evidence is not the first trial error argued by the defendant, it must be the first considered.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). The reviewing court is to consider the record as a whole, and if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305, 1309-10 (La.1988). In applying this standard, the reviewing court must defer to the credibility choices and justifiable inferences of fact made by the jury. State v. Rosiere, 488 So.2d 965, 968 (La.1986); State v. Foy, 439 So.2d 433, 436 (La.1983). The determination of credibility is a question of fact within the sound discretion of the trier of fact and will not be disturbed unless clearly contrary to the evidence. State v. Vessell, 450 So.2d 938, 943 (La.1984).
Simple burglary of a religious building is the unauthorized entry into a building or structure used primarily for religious purposes with the intent to commit a felony or any theft therein. La. R.S. 14:62.6. The evidence adduced at trial indicates that the defendant entered the church without authority, committed criminal damage to property in an undetermined amount and attempted to steal various items, including amplifier equipment and paper products.
Defense counsel noted the lack of fingerprint evidence. Counsel also challenged the credibility of the testifying police officer because some of the facts related by the officer were not included in the police report. However, the officer’s [^testimony was not so inconsistent with the evidence that a rational jury could not have believed it. In addition to the officer’s testimony, the State produced a photograph of the unhooked amplifiers which the defendant apparently intended to steal, and testimo *659 ny from the owner of the property which corroborated that the defendant’s entry was unauthorized.
The evidence was sufficient for the jury to find, beyond a reasonable doubt, that the defendant was guilty as charged.
ASSIGNMENT ONE — RESPONSIVE VERDICT LIST
The defendant argues that the trial court erred by its failure to include unauthorized entry into a place of business and attempted unauthorized entry into a place of business on the list of responsive verdicts.
A lesser offense is included in the charge of the greater offense if all of the elements of the lesser crime are included in the definition of the greater crime. State v. McCoy, 337 So.2d 192, 196 (La.1976). When an accused requests an instruction to the jury on law applicable to an offense which is truly a lesser and included grade of the charged offense, the trial court has no discretion to refuse to give the requested instruction. State v. Dufore, 424 So.2d 256 (La.1982). The test of a lesser included offense under this article applies only when the crime with which a defendant is charged is not listed among those for which responsive verdicts are given. La. C.Cr.P. arts. 814(A), 815. State in Interest of Gibson, 382 So.2d 1060 (La.App. 2nd Cir.1980).
When an accused requests and is refused an instruction on a lesser and included offense, or when the accused timely objects to the court’s failure to give a responsive offense instruction to which a defendant is statutorily entitled, the 1 fiConviction may be reversed. State ex rel. Elaire v. Blackburn, 424 So.2d 246, 248 (La.1982); State v. Dufore, 424 So.2d 256 (La.1982).
Because La.C.Cr.P art. 814 does not specify the responsive verdicts for simple burglary of a religious building, La.C.Cr.P art. 815(2), which requires the inclusion of “a lesser and included grade of the offense”, applies.
The defendant cites State v. Smith, 679 So.2d 491 (La.App. 2nd Cir.1996), which held that a church was a business, for purposes of the responsive verdict of unauthorized entry of a business to a simple burglary charge. The defendant in Smith argued that the court erred in instructing the jury that unauthorized entry of a place of business was a proper responsive verdict under the facts of the case, because a church was not a business. The appellate court noted that few items were tampered with inside the church.
The offense perpetrated in Smith occurred prior to the 1997 enactment of La. R.S. 14:62.6, the specific statute relative to simple burglary of a religious building. The finding in Smith that a church is a “business” for criminal law purposes has been superceded by the enactment of the new statute. At that time the legislature had an opportunity to simultaneously enact a statute relative to a lesser offense of unauthorized entry into a religious building and they chose not to include such an offense. Therefore, this Court will not read a lesser included offense into the statute.
Accordingly, there was no error in the district court’s refusal to instruct the jury that it might return one of the verdicts requested by the defendant.
ASSIGNMENT TWO — IMPERMISSIBLE OPENING STATEMENT REFERENCE
[7The defendant argues that the prosecutor’s opening statement reference to the defendant’s pre-trial statements is an error patent which requires no contemporaneous objection. Alternatively, defendant argues that trial counsel gave ineffee- *660 tive assistance by failing to object to the reference.
La. C.Cr.P. art. 920 provides that appellate review is limited to: (1) errors designated in the assignments of error and (2) errors “discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence,” generally referred to as errors patent. The defendant suggests that the prosecutor’s opening statement reference falls into the second category of review. Although the opening statement is not evidence, discovery of an error in the opening statement requires a review of the transcript, not just the pleadings and proceedings. Such errors should thus be brought to the attention of the trial court by contemporaneous objection or to the attention of this Court by assignment of error. The issue is properly considered here because the defendant has raised the issue as an assignment of error relative to a claim of ineffective assistance of counsel.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Reed, 483 So.2d 1278 (La.App. 4th Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4th Cir. 1986).
The defendant’s claim of ineffective assistance of counsel is to be assessed [sby the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel’s performance was deficient and that the deficiency prejudiced the defendant. Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment. Strickland, 466 U.S. at 686, 104 S.Ct. at 2064. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry this burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992).
In the instant case, the evidence on this issue is sufficient to determine the merits of the claim. La. C.Cr.P. art. 767 provides: “The state shall not, in the opening statement, advert in any way to a confession or inculpatory statement made by the defendant unless the statement has been previously ruled admissible in the case.” The record indicates that on October 28, 1999 defense counsel received a copy of the police report and withdrew the motion for a preliminary hearing and all discovery motions. The record further indicates that the State filed a notice of intent to use inculpatory statements, though no pre-trial hearing was ever set to determine the admissibility of the statements.
|flThe trial testimony indicates that the mumbling of the defendant when the officers first found him hiding in a bathroom were spontaneous utterings. The trial testimony further indicates that the defen *661 dant was advised of his Miranda rights prior to making the subsequent oral statements. None of the statements appeared to be inadmissible. Accordingly, as the statements were admissible, were admitted without objection at trial, and their admissibility is not contested on appeal, the prosecutor’s reference to those statements did not affect the verdict.
ASSIGNMENTS FOUR, FIVE AND SIX — SENTENCING ERRORS
In assignments four, five and six, the defendant argues that the trial court erred by imposing an excessive sentence, by failing to articulate the reasons for the sentence, and by failing to order a pre-sen-tence investigation.
As previously noted, the defendant’s conviction exposed him to a sentence of two to twelve years imprisonment with or without hard labor, at least two years imprisonment without benefit of probation, parole or suspension of sentence. In addition, the court may impose a fíne of up to two thousand dollars. La. R.S. 14:62.6. The trial court sentenced the defendant to eight years at hard labor, failed to impose the prohibition against probation, parole or suspension of sentence, and declined to impose any fíne.
An appellate court reviews sentences for constitutional excessiveness under La. Const. Art. I, § 20. Although a sentence is within the statutory limits, the sentence may still violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is constitutionally excessive it if makes no measurable contribution to acceptable goals of punishment or is the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983). The trial judge has great discretion in sentencing, and the sentence should not be set aside absent the manifest abuse of that discretion. State v. Sweeney, 443 So.2d 522 (La.1983).
The reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La. C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances. State v. Soco, 441 So.2d 719 (La.1983); State v. Anderson, 97-2587 (La.App. 4 Cir. 11/18/98), 728 So.2d 14. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with Article 894.1. State v. Landos, 419 So.2d 475 (La.1982). The trial court may, at its discretion, order a presentence investigation report. La. C.Cr.P. art. 875(A)(1).
In the instant matter, the record does not reflect that the defendant requested that a pre-sentence investigation be conducted prior to the date of sentencing, nor was any .objection made at the time of sentencing. At sentencing, the prosecutor noted two prior convictions, a simple burglary in 1990, to which the defendant pled guilty, and a cocaine offense in California in 1995. The defendant did not dispute the information provided to the court by the prosecutor, nor did he offer any mitigating circumstances for the court to consider, though he was offered the opportunity to do so.
Accordingly, the defendant’s two prior felony convictions and the facts of the instant case are sufficient to support the sentence imposed by the trial court.
CONCLUSION
The defendant’s conviction and sentence are affirmed.

AFFIRMED.