MIRIAM G. WALTZER, Judge.
STATEMENT OF CASE
On 1 February 2001, the State charged the defendant by bill of information with simple burglary of a railroad car in violation of La. R.S. 14:62. Following a bench trial, the defendant was found guilty of “possession of property over $500”, in what appears to be a reference to La. R.S. 14:69(B)(1), illegal possession of stolen things when the value of the things is five hundred dollars or more. On 29 March 2001, the court denied a motion for new trial, a motion in arrest of judgment, a motion for post judgment verdict of acquittal, and a motion for appeal. The court thereafter sentenced the defendant to nineteen months in prison. On 1 June 2002, the court found the defendant to be a third felony offender and re-sentenced him to serve eighty months in prison.[1] This appeal follows this Court’s order directing the trial court to have the transcripts prepared and filed.
STATEMENT OF FACT
New Orleans police officer Robert Mon-lyn testified that at 12:30 p.m. on 23 January 2001, he responded to a call regarding a possible break-in of a train car at Lafre-niere and Gibson Streets, and observed a man, later identified as the | ^defendant, throwing white boxes containing halogen lamps from a train car. When the defendant saw the officers, he ran, and the officers gave chase until the defendant scaled a fence. Officer Monlyn radioed Officer Jimmy Slack with a description of the defendant. Officer Slack apprehended the defendant shortly thereafter. The train car’s door appeared to have been pried open, and upon determining that the defendant was not authorized to be on the train, Officer Monlyn arrested him.
Toby Trevett, a special agent for Union Pacific Railroad, testified that Officer Monlyn called him to report that he had *1165 just received a call that three persons were suspected of burglarizing his company’s train. When Mr. Trevett arrived at the train, he saw the defendant in handcuffs and three boxes on the ground. Mr. Trevett noticed that thirty-six additional boxes had been removed from the car. Those additional boxes were never located.
The defendant testified that at the time of the incident, he was fifty-five years old, unemployed, homeless, and receiving disability payments. He testified that he had been sleeping under the Lafreniere Bridge when he noticed the officers approaching. Because Officer Slack had arrested him three times in the past for trespassing, sleeping in empty houses, and sleeping under a bridge, he ran for fear of being locked up again. He denied any involvement in the burglary of the train car.
ERRORS PATENT
A review of the record reveals one error patent. On 29 March 2001, the court denied a motion for new trial, a motion in arrest of judgment, a motion for post judgment verdict of acquittal, and a motion for appeal, and the court thereafter sentenced the defendant to nineteen months in prison. La. C. Cr. P. art. 873 ^requires a twenty-four hour delay between the denial of a motion for new trial and sentencing, unless the defendant waives such delay. State v. Lee, 2001-2082, p. 3 (La.App. 4 Cir. 8/21/02), 826 So.2d 616. There is no indication in the record that the defendant waived the delay. This Court, however, has held that where a defendant shows no prejudice and does not challenge his sentence on appeal, any error in failing to observe the twenty-four hour delay is considered harmless. Lee, 2001-2082, p. 3, 826 So.2d 621, citing State v. Ward, 94-0490, p. 7-8 (La.App. 4 Cir. 2/29/96), 670 So.2d 562, 566. The defendant does not challenge his sentence in the instant appeal; thus, and in light of our disposition of the first assignment of error, any error in failing to observe the twenty-four hour delay is harmless and moot.
FIRST ASSIGNMENT OF ERROR: The defendant argues, and the state concedes, that his conviction must be reversed because the verdict is not responsive to the charged offense.
The defendant, charged with simple burglary, was convicted by the trial court[2] of possession of stolen property worth over $500.00. Article 814 of the Code of Criminal Procedure provides the list of legislatively approved responsive verdicts, and the list is exhaustive for the offense. State v. King, 2000-0618, p. 5 (La.App. 4 Cir. 3/7/01), 782 So.2d 654, 659. The permissible responsive verdicts to the charge of simple' burglary are: guilty; guilty of attempted simple burglary; guilty of unauthorized entry of a place of business; guilty of attempted unauthorized entry of a place of business; or not guilty. La.C.Cr.P. art. 814.
[ /Therefore, the parties are correct that the trial court erred in rendering its verdict and that the defendant’s conviction must be reversed.
SECOND ASSIGNMENT OF ERROR: The constitutional rule against double jeopardy prohibits the State from retrying the defendant for simple burglary-
This issue properly is raised by motion to quash a bill of information or indictment, neither of which is before this Court. Defendant’s second assignment of error is premature.
*1166 CONCLUSION
The trial court erred by rendering a non-responsive verdict, necessitating reversal of the defendant’s conviction.
CONVICTION AND SENTENCE REVERSED.

. The court reporter certified that after a diligent search, the tapes of the multiple bill hearing could not be located.

. Under La.C.Cr.P. art. 820, all provisions regulating responsive verdicts and the effect of verdicts apply to cases tried without a jury.