STEWART, J.
h The defendant, Donald Lee Bouwell, pled guilty to unauthorized entry of a business, a violation of La. R.S. 14:62.4, and simple criminal damage to property, a violation of La. R.S. 14:56. He was sentenced to three years in prison at hard labor. The defendant now appeals. For the reasons discussed below, we affirm the defendant’s conviction, vacate the defendant’s sentence, and remand the case for resen-tencing.
FACTS
On March 15, 2004, the Ruston Police Department responded to a call concerning a broken window on the west side of Emmanuel Baptist Church. Officer B.R. *337 Davis, Officer Cates, Officer Sullivant, and Sergeant D.M. Freeman went to the church and found a second-story window broken. The police entered the church and checked each room. As Officer Davis entered the choir room, he heard someone say, “I give up.” He saw a man hiding under some choir robes, and ordered him to come out. The man told the officers that he had broken into the church because he did not have a place to stay that night. There was no damage to the church other than the broken window. Officer Cates secured the man in handcuffs, advised him of his Miranda rights and placed him in a police car. The man was later identified as Donald Lee Bouwell. Officer Cates booked the defendant for simple burglary of a religious building and simple criminal damage to property.
A bill of information was filed on April 21, 2004, charging Bouwell with violating La. R.S. 14:62.4, unauthorized entry of a place of business, in that he “did make an intentional entry of a structure used in whole or in part Ras a place of business, Emmanuel Baptist Church, without the consent of the owner thereof.” By a separate bill of information, he was charged with violating La. R.S. 14:56, simple criminal damage to property, where the damage amounted to over $500. At a hearing that day, an attorney was appointed to represent Bouwell, and he entered a plea of not guilty.
On May 24, 2004, defendant’s attorney filed a motion to quash the bill of information for the unauthorized entry of a business charge, claiming that Louisiana courts had previously held that a church was not a “business” as used in the definition of the crime of unauthorized entry of a business. Therefore, he claimed, the offense charged was not punishable under a valid statute.
On August 17, 2004, the defendant’s motion to quash was denied. The defendant’s attorney indicated that his client had chosen to accept a plea deal offered by the state, but that he intended to reserve his right to appeal the decision on the motion to quash under State v. Crosby, 338 So.2d 584 (La.1976). Under the plea agreement, in exchange for a guilty plea as to the charge of unauthorized entry of a business, the second charge of criminal damage to property in an amount over $500 would be reduced to a responsive charge of simple criminal damage to property, and the defendant would be sentenced to three years at hard labor suspended plus three years of supervised probation that would include restitution to the victim in the amount of $291.87. In the event that the denial of the defendant’s motion to quash stood on appeal, the trial court was to impose a standard sentence for the charge of simple criminal damage to property and was to order that ^sentence to run concurrently with the sentence for the unauthorized entry. Additionally, if the appeal were unsuccessful, the defendant would be brought back to court and an additional condition of probation would be that he serve six months in the parish jail with credit for time served. The trial court Boykinized the defendant, accepted the guilty plea, and set the matter for sentencing on October 12, 2004.
The defendant did not attend the sentencing hearing on October 12, 2004. No explanation for his failure to appear was given in the trial court or in this appeal.
On November 10, 2009, the trial court held a sentencing hearing, noting that the defendant had failed to appear previously. A PSI showed that Bouwell had been engaged in substantial criminal activity both before and after the entry of the plea of guilty in this matter. The trial court noted that both of those actions were vio *338 lations of Bouwell’s case termination agreement. The trial court sentenced the defendant to be imprisoned for three years at hard labor, the sentence to run consecutively to any other sentences he was serving. The defendant did not get credit for time served on this offense or any other offenses. Further, with respect to the simple criminal damage to property, the trial court ordered the defendant imprisoned in the parish jail subject to public work for a period of six months. That sentence was to run concurrently with the sentence for unauthorized entry because it arose out of the same facts and circumstances.
The defendant’s attorney filed a motion for an appeal of the Crosby issue. The defendant seeks review on appeal of the denial of the motion to |4 quash the bill of information, and also claims the trial court erred in failing to comply with a valid plea bargain agreement between the defendant and the state at the time of the guilty plea.
LAW AND DISCUSSION

Unauthorized Entry of a Place of Business vs. Simple Burglary of a Religious Building

In the defendant’s first assignment of error, he asserts that the trial court erred by finding that a church is a place of business for the crime of unauthorized entry of a place of business. More specifically, he argues the statutes and case law indicate that there is now a statute which specifically deals with break-ins of churches, so churches should no longer be considered businesses for purposes of the unauthorized entry statute.
In support of his argument, the defense cites State v. King, 06-0618 (La.App. 4th Cir.3/7/01), 782 So.2d 654. In King, the defendant was charged with violating La. R.S. 14:62.6, which is simple burglary of a religious building. That particular statute was enacted by Acts 1997, No. 405 § 1, and states as follows:
A. Simple burglary of a religious building is the unauthorized entering of any church, synagogue, mosque, or other building, structure, or place primarily used for religious worship or other religious purpose with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60.
B. Whoever commits the crime of simple burglary of a religious building shall be fined not more than two thousand dollars and imprisoned with or without hard labor for not less than two years nor more than twelve years. At least two years of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence.
|sIn King, the defendant argued that the trial court erred by its failure to include unauthorized entry into a place of business and attempted unauthorized entry into a place of business on the list of responsive verdicts. The defendant in King cited a case decided in this court, State v. Smith, 28,516 (La.App.2d Cir.8/21/96), 679 So.2d 491, which held that a church was a business for purposes of the crime of unauthorized entry of a business. However, the Fourth Circuit noted that the offense perpetrated in Smith occurred prior to the 1997 enactment of La. R.S. 14:62.6, the specific statute relative to simple burglary of a religious building. The King court stated:
The finding in Smith that a church is a “business” for criminal law purposes has been superceded [sic] by the enactment of the new statute. At that time the legislature had an opportunity to simultaneously enact a statute relative to a lesser offense of unauthorized entry into a religious building and they chose not *339 to include such an offense. Therefore, this Court will not read a lesser included offense into the statute.
Based on the King case, and the statute that was enacted specifically addressing burglary of a religious building, the defendant in the instant case argues the trial court erred in failing to grant his motion to quash the bill of information charging him with unauthorized entry of a business. He claims that a church is not a place of business and that the offense charged, unauthorized entry of a place of business, is not punishable under a valid statute.
The defendant pled guilty to violating La. R.S. 14:62.4, which is unauthorized entry of a place of business, which states as follows:
A. Unauthorized entry of a place of business is the intentional entry by a person without authority into any structure or onto | f,any premises, belonging to another, that is completely enclosed by any type of physical barrier that is at least six feet in height and used in whole or in part as a place of business.
B. Whoever commits the crime of unauthorized entry of a place of business shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than six years, or both.
The crime of unauthorized entry of a business requires only an intentional entry by a person without authority into any structure belonging to another used in whole or in part as a place of business. La. R.S. 14:62.4. In Smith, supra, this court stated a church is a place of business within the meaning of the statute that criminalizes unauthorized entry of a place of business. A church provides services, has employees, and regular expenses which must be paid by some official of the church, and a church generally receives its operating expenses from the contributions of its members. Therefore, a church meets the criteria to be deemed a business for purposes of the statute prohibiting unauthorized entry. Smith, supra.
The fact that in 1997 the legislature enacted La. R.S. 14:62.6, simple burglary of a religious building, is not relevant to the disposition of the case at bar. In fact, for a defendant to have committed the act of simple burglary of a religious building, he would have to have performed an unauthorized entry of a religious building “with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60.” In the case at bar, there is no evidence that the defendant had any intent to commit any felony or theft in the church. The defendant merely entered the church with the intention of sleeping there for the night. Therefore, the charge of unauthorized entry into a business properly fit the actual crime committed when the 17unauthorized entry was into a church. For these reasons, we find that the defendant’s argument lacks merit and affirm the defendant’s conviction.

Plea Agreement

The defendant argues in the second assignment of error that the trial court erred by failing to comply with a valid plea bargain entered into between the defendant and the state at the time of his guilty plea.
The defendant argues that he entered a plea agreement with the state in which he agreed to plead guilty to unauthorized entry of a business in exchange for a sentence of three years at hard labor suspended, and three years of active supervised probation with conditions. The trial court accepted his guilty plea and the terms of the plea agreement. The defendant claims he understood that he would be sentenced in accordance with the plea agreement. However, the defendant did not attend the *340 first sentencing hearing scheduled on his behalf for October 12, 2004, and in fact, was not actually sentenced until November 10, 2009.
It is well settled that a plea agreement is a contract between the state and a criminal defendant. State v. Davis, 41,430 (La.App.2d Cir.11/1/06), 942 So.2d 652. A plea is constitutionally infirm when the defendant is induced to plead guilty by a plea agreement or by what the defendant reasonably believes is a plea agreement and the terms of the agreement are not satisfied. State v. Davis, supra; State v. Beverly, 37,301 (La.App.2d Cir.8/20/03), 852 So.2d 1149. When a plea agreement is breached, the defendant has the option of specific performance or to withdraw the guilty plea. State v. Byrnside, 34,948 (La.App.2d Cir.8/22/01), 795 So.2d 435. IsTherefore, the defendant claims his three-year sentence should be vacated and the matter remanded to the trial court for resentencing in accordance with the plea agreement.
The defendant entered a plea agreement with the state which was recited at the hearing at which the defendant’s guilty plea was accepted by the trial court. Defense counsel read the agreement into the record, and the trial court asked, “Is that the agreement that the state has reached and to which it recommends to the Court?” The state’s attorney replied, “Yes, sir, it is.” Thereafter, the court accepted the guilty plea. Nothing in the record indicates that anything was said to the defendant about the consequences of his potential failure to appear at the sentencing hearing. There was no indication that his failure to appear would result in a breach of the plea agreement, or a nullification of the plea agreement, or what sentence might be imposed if he did breach the plea agreement.
Based on our review of the record, we find that the imposition of the three year sentence at hard labor, which was to run consecutively to any other sentences he was serving, without credit for time served on this offense or any other offenses, along with the six-month sentence in the parish jail subject to public work for a period of six months, renders the plea agreement constitutionally infirm. The plea agreement clearly indicated that the defendant was promised a sentence of three years at hard labor suspended plus three years of supervised probation that would include restitution to the victim in the amount of $291.87, a reduction of the second charge of criminal damage to property in an amount over $500 to a 19responsive charge of simple criminal damage to property, and in the event that the denial of the defendant’s motion to quash stood on appeal, an additional condition of probation ordering that he serve six months in the parish jail with credit for time served.
Jurisprudence indicates that the proper action to be taken would be to either order specific performance of the plea agreement or to allow the defendant the opportunity to withdraw his guilty plea. For this reason, we find that this assignment of error has merit. Therefore, we vacate the defendant’s sentence, remand the case to the trial court for either imposition of the sentence agreed upon in the plea agreement or an opportunity for the defendant to withdraw his guilty plea.
CONCLUSION
For the foregoing reasons, the defendant’s conviction is affirmed. However, the defendant’s sentence is vacated, and the matter remanded to the trial court for imposition of the sentence agreed upon in the plea agreement or an opportunity for the defendant to withdraw his guilty plea.
*341 CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.