Judgment rendered April 9, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,143-KW
No. 56,144-KW
No. 56,145-KW
No. 56,146-KW
No. 56,147-KW
No. 56,148-KW
No. 56,149-KW
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Respondent

versus

RICKARIN ARSHALL JOHNSON                     Applicant

* * * * *

On Application for Writs from the
Third Judicial District Court for the
Parish of Lincoln, Louisiana
Trial Court Nos. 74,372; 74,404; 74,420; 74,437;
74,438; 76,665; 79,318

Honorable Thomas W. Rogers, Judge

* * * * *

JOHN D. AND ERIC G. JOHNSON FIRM          Counsel for Applicant
By: Eric G. Johnson
    Rachel W. Bays

JOHN F.K. BELTON                          Counsel for Respondent
District Attorney

SARAH E. WILKERSON
Assistant District Attorney

* * * * *

Before STONE, STEPHENS, and ELLENDER, JJ.

**ELLENDER, J.**

Rickarin Johnson ("Johnson") sought supervisory review of the trial court's denial of his pretrial motion to enforce a plea agreement, and this court granted his writ application to docket for a more detailed review. We now recall the writ, deny, and affirm the trial court's ruling.

## FACTS

Johnson is charged with second degree murder, two counts of possession with intent to distribute a schedule I controlled dangerous substance (marijuana and ecstasy), assault by drive-by shooting, a convicted felon in possession of a firearm, public intimidation, simple criminal damage to property, obscenity, and 10 counts of second degree rape. Johnson was initially arrested on an outstanding warrant for second degree murder in April 2020, and, since his arrest, he has been incarcerated at the Lincoln Parish Detention Center.

In February 2024, the state read into the record a plea offer that, had Johnson accepted it, would have resolved and disposed of all the above charges, and resulted in a total sentence of 70 years at hard labor; he rejected the offer. Trial was then set for July 22 on the charges of public intimidation and obscenity, which are alleged to have occurred while Johnson was in custody at the Lincoln Parish Detention Center on June 9, 2020, and December 30, 2021, respectively. The remaining charges were not set for trial, at least in part because of what appears to be the state's inability to procure discovery from law enforcement officers responsible for investigating those remaining charges.

On July 18, 2024, the state tendered a written plea offer to Johnson containing the following proposed plea agreement: in exchange for Johnson's guilty plea to assault by drive-by shooting, public intimidation, and obscenity, he would receive consecutive hard labor sentences of three years, one year, and two years, respectively, for a total of six years at hard labor; all of the remaining outstanding charges would be *nolle prossed*. At the bottom of the written offer was the following: "Subject to change if additional information is received. This offer may be withdrawn at any time prior to a plea of guilty being entered."

On July 19, Johnson's counsel reviewed the plea offer with him. Johnson dated, initialed, and signed the plea agreement and guilty plea forms acknowledging the prescriptive period in which he could file for post conviction relief, acknowledging the rights he would be waiving in pleading guilty, and waiving a judicial determination of financial hardship and ability to pay hearing. That same day, Johnson appeared in court to enter his guilty plea and be sentenced. Despite Johnson's appearance to plead guilty per the state's offer, the prosecution announced it was not ready to go forward at that time as one of the case detectives was dissatisfied with the plea offer. To give the state additional time to smooth things over with the investigating officer, all parties agreed to continue the trial to September 30. As the state assured Johnson and his counsel the offer was still "on the table," Johnson agreed to release the potential jurors summonsed for trial, and the trial date of July 22 was maintained as a status conference date. It appears all parties believed there would be no issue with Johnson reciting the agreed-upon plea on the record on that date.

On July 22, the state withdrew its July 18 plea offer and, over the defense's objections, the trial court maintained the trial date of September 30, and set another pretrial hearing for August 20. At the pretrial hearing, Johnson filed a motion to enforce the plea agreement, asking the trial court to order the state to comply with the plea offer made on July 18 and accepted by Johnson the following day. The motion was set for hearing on September 19. On that date, Johnson made an offer to the state to serve a 12-year sentence, which the state agreed to consider. The hearing on the motion to enforce was continued until the next day.

On September 20, the state made a counteroffer, informing Johnson the lowest total sentence it could accept would be 40 years. Johnson declined, and the hearing on Johnson's motion to enforce went forward. The state stipulated to the facts contained in Johnson's motion, but contended Johnson could not show he gave up any fundamental rights by relying detrimentally on the July 18 plea offer, an essential element of enforcing the bargain. The state noted Johnson did not give up the right to a jury trial, as the trial by jury was reset by agreement for September. Johnson, on the other hand, argued that in relying on the state's plea offer, he had given up the right to be tried on July 22, and he argued he never would have done so had the state not assured him its plea offer was still available to him, pointing out that he had been incarcerated pending trial for over four years at that time.

The trial court denied Johnson's motion, stating Johnson could have objected to the continuance of his trial, but did not. Further, the trial court held that because Johnson could have still rejected the July 18 plea offer at

any time prior to the entry of his guilty plea, no firm contract existed between the state and Johnson as to the plea agreement. Johnson objected to the ruling and requested a stay of the proceedings to seek supervisory review. The trial court denied the request for a stay. Johnson filed a writ application with this court, and that writ application was granted to docket.

## DISCUSSION

Johnson argues the trial court erred in finding no contract existed between himself and the state, and he contends a contract he relied upon to his detriment was formed between the two. Johnson states he gave up his right to be tried by a jury on July 22, based on the state's representations to him. Johnson asserts the state's written plea offer and his signed plea forms prove the requisite offer and acceptance to establish the existence of a contract as well as his willingness to perform his part of the agreement. He asks this court to enforce the July 18 plea agreement.

The state counters it was free to withdraw its plea offer at any time before Johnson entered his guilty plea on the record, and it contends Johnson cannot demand specific performance of the plea agreement unless he can prove he detrimentally relied on the state's offer, and in doing so, relinquished a fundamental right, or he proves the state engaged in devious practices. *State v. Caminita*, 411 So. 2d 13 (La. 1982). The state contends because Johnson never entered his guilty plea, he failed to establish detrimental reliance or that he relinquished a fundamental right. Both parties agree the state did not engage in devious practices. The state argues Johnson did not give up his fundamental right to trial by a jury as that right does not entitle him to trial on a specific day with a jury chosen from a

4

specific pool of prospective jurors. The state points to Johnson's agreement to continue the trial, as well as the fact the offer had not been entered on the record or approved by the trial court when it was withdrawn, as support for its arguments.

A plea agreement is a contract between the state and a criminal defendant. *State v. Ward*, 53,969 (La. App. 2 Cir. 6/30/21), 324 So. 3d 231. As such, in determining the validity of plea agreements, Louisiana courts generally refer to rules of contract law, while recognizing at the same time that a criminal defendant's constitutional right to fairness may be broader than his or her rights under contract law. *State v. Young*, 51,175 (La. App. 2 Cir. 2/15/17), 215 So. 3d 906, *writ denied*, 17-0472 (La. 11/13/17), 230 So. 3d 204, citing *State v. Givens*, 99-3518 (La. 1/17/01), 776 So. 2d 443. The party demanding performance of a contract has the burden of proving its existence. *State v. Louis*, 94-0761 (La. 11/30/94), 645 So. 2d 1144.

Contracts have the effect of law for the parties and must be performed in good faith. La. C.C. art. 1983. A party has an implied obligation to make a good faith effort to fulfill the conditions of a contract. *Young*, *supra*, citing *Bloom's Inc. v. Performance Fuels, L.L.C.*, 44,259 (La. App. 2 Cir. 7/1/09), 16 So. 3d 476, *writ denied*, 09-2003 (La. 11/20/09), 25 So. 3d 800. When there are reciprocal obligations, the obligor of one may not be put in default unless the obligor of the other has performed or is ready to perform his own obligation. La. C.C. art. 1993. Also, a party to a commutative contract may refuse to perform his obligation if the other has failed to perform. La. C.C. art. 2022.

Absent any showing of detrimental reliance prejudicial to the substantial rights of the accused, or evidence of devious practice by the government such as bad-faith negotiation designed to psychologically probe the defense or gain some other improper advantage, the government remains free to withdraw from a plea agreement up to the time the plea is entered. *State v. Karey*, 16-0377 (La. 6/29/17), 232 So. 3d 1186; *Caminita*, *supra*.

When a plea bargain is breached, the defendant has the options of specific performance or to withdraw the guilty plea. *State v. Bouwell*, 45,635 (La. App. 2 Cir. 9/22/10), 48 So. 3d 335; *State v. Davis*, 41,430 (La. App. 2 Cir. 11/1/06), 942 So. 2d 652; *State v. Byrnside*, 34,948 (La. App. 2 Cir. 8/22/01), 795 So. 2d 435. A defendant may demand specific performance of the state's promise if he can show that the parties reached an agreement, that he performed his part of the agreement, and that in doing so, he relinquished a fundamental right. *Ward, supra*.

The state made a written offer to Johnson, he accepted the offer in writing, and he appeared in court prepared and willing to enter his guilty plea on the record under the terms outlined. Johnson argues he had a fundamental right to be tried by jury on July 22, and he argues he never would have agreed to release the jury venire had he been aware there was even a possibility the state would withdraw its plea offer. However, the terms of the agreement reached included not only the conditions of the plea agreement, but also the state's express reservation of its right to withdraw the offer at any time prior to Johnson's actual plea of guilty. The terms of the agreement plainly allowed the state to withdraw its offer, regardless of Johnson's assertions to the contrary.

6

Even if the agreement reached had not included the state's reservation of its right to withdraw from the agreement, the controlling jurisprudence protects the right of either party to withdraw from the plea agreement prior to the entry of the agreed-upon guilty plea on the record. *Karey*, *supra*. For Johnson to demand and obtain specific performance of the plea agreement, his guilty plea would have to have been entered on the record, the trial court would have to have approved the offer and accepted his plea as knowing, intelligent, and voluntary, and he would have to show he was deprived of a fundamental right when he relied to his detriment on the state's plea offer. *Ward*, *supra*. Johnson cannot prove he formally entered the agreed-upon guilty plea on the record because he was not given the opportunity to do so. Further, while Johnson does have the right to be tried by a jury, there is no fundamental right to be tried by jurors selected from a specific jury venire or on a specific date. While Johnson's frustration is understandable, especially in light of the state's apparent inability to obtain cooperation from the investigating officer(s) purported to be in possession of the outstanding discovery that would presumably allow all of his cases to be tried, the record in this case does not support Johnson's arguments.

Johnson has been in jail pending trial since April 2020, with discovery remaining incomplete for several charges which were not scheduled for trial on July 22. It is evident that even if Johnson had gone to trial on July 22, the charges of second degree murder, possession with intent to distribute, assault by drive-by shooting, convicted felon in possession of a firearm, simple criminal damage to property, and second degree rape would have remained outstanding. Johnson would have remained in jail pending trial on those

7

charges even if he had exercised his right to be tried for public intimidation and obscenity on July 22, making the continuance of his trial date immaterial to his continued incarceration.

For the reasons stated above, we find Johnson's assignments of error to be without merit.

## CONCLUSION

The writ previously issued is recalled and the application is denied. The trial court's ruling denying Johnson's motion to enforce the plea agreement reached on July 19, 2024, is affirmed.

**WRIT RECALLED AND DENIED; RULING AFFIRMED.**