795 So.2d 435 (2001)
STATE of Louisiana, Appellee,
v.
Brian Nicholas BYRNSIDE, Appellant.
No. 34,948-KA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 2001.
Kidd-Culpepper by Paul Henry Kidd, Monroe, Counsel for Appellant.
*436 Richard Ieyoub, Attorney General, Robert W. Levy, District Attorney, A. Shawn Alford, Assistant District Attorney, Counsel for Appellee.
Before BROWN, STEWART & PEATROSS, JJ.
PEATROSS, J.
Defendant, Brian Nicholas Byrnside, was charged with sexual battery, a violation of La. R.S. 14:43.1; however, pursuant to a plea bargain with the State, Defendant pled guilty to aggravated battery, a violation of La. R.S. 14:34, in exchange for the State's recommendation that he be sentenced under La.C.Cr.P. art. 893, which allows for a suspended or deferred sentence. The trial court, however, rejected the plea bargain, refusing to sentence Defendant under article 893, and allowed Defendant to withdraw his plea of guilty. Defendant then filed a motion to enforce the plea bargain, which the trial court denied. Thereafter, Defendant entered a Crosby[1] plea of guilty to one count of molestation of a juvenile, a violation of La. R.S. 14:81.2, punishable with or without hard labor for not less than one year, nor for more than ten years. The trial court imposed an agreed sentence of three years, suspended, with five years probation and a special condition that Defendant serve six months in the parish jail without good time accrual. Defendant now appeals the denial of his motion to enforce the original plea bargain. For the reasons stated herein, we find that the trial court was correct in denying Defendant's motion; and, therefore, his conviction and sentence are affirmed.

FACTS AND PROCEDURAL BACKGROUND
The original charge against Defendant arose out of the alleged rape of a 12-year-old girl. The transcript of the police interview of the victim indicates that, in August 1998, Defendant, then age 19, and a male friend picked up the victim and one of her girlfriends outside the victim's house around midnight. The group rode around for a short while and then the young men took the girls to a camper, located behind Defendant's grandparents' house, where Defendant had been living. Once inside the camper, Defendant removed his clothes and the victim's clothes. Defendant made the victim perform fellatio; and, although the victim protested, Defendant engaged in sexual intercourse with her. He took her to a shower and then engaged in sexual intercourse with her two more times. Defendant's male companion then drove the girls home. The victim's girlfriend gave corroborating information. Defendant admitted engaging in sexual intercourse with the victim, but denied engaging in oral sex. Defendant's male companion said that Defendant had sex with the victim four or five times.
As previously stated, the State originally obtained an indictment in September 1998 charging Defendant with sexual battery. The State amended the charge to aggravated battery in January 1999 when Defendant agreed to tender a guilty plea to that charge in accord with a plea agreement offered by the State. The agreement called for the State to "recommend" a probation sentence, with special conditions including counseling, community service and La.C.Cr.P. art. 893 treatment (suspension and deferral of sentence).
During the guilty plea colloquy, the trial court advised Defendant that it would not commit to giving him the benefit of article 893; but, if the trial court decided against such treatment, Defendant would *437 be allowed to withdraw his guilty plea. In addition, the assistant district attorney advised the trial court that the victim's family was in agreement with the plea bargain reached with Defendant. The trial court ordered a pre-sentence investigation report ("PSI") and deferred sentencing until it received the report. At sentencing, the trial judge informed Defendant he would not accept the plea agreement because he had learned that the victim's parents objected to the "no jail time" provision. The trial court granted Defendant's oral motion to withdraw his guilty plea and the case was set for trial.
Defendant then moved to enforce the plea agreement. The trial court heard and denied the motion, reasoning that, although there had been an understanding between the State and Defendant, the trial court retained its discretion in the matter.
Defendant then entered a guilty plea to molestation of a juvenile, reserving his right to appeal the denial of the motion to enforce the original plea agreement. The trial court imposed an agreed sentence and this appeal followed.

DISCUSSION
The motion to enforce the original plea agreement alleges there was a plea bargain under which Defendant was to be placed on five years probation with deferred sentencing [pursuant to La.C.Cr.P. art. 893]. Further, the motion alleges the trial court decided not to adhere to the plea bargain because the victim's parents objected. The motion sought, alternatively, to force the trial court to abide by the terms of the original plea bargain (suspended and deferred sentence) or to allow the State to only prosecute the charge of aggravated battery (which carries a maximum sentencing exposure of ten years with benefits) instead of a charge of sexual battery (which carries a maximum of ten years without benefits). Defendant argues on appeal that, because the trial court "allowed the plea bargain to be entered into" and, since Defendant entered his guilty plea, he is entitled to specific performance of the plea bargain. According to Defendant, the fact that the victim's parents later expressed their disapproval of a sentence with no jail time served should not affect the efficacy of the plea bargain. We find Defendant's arguments unpersuasive and without merit on two bases. First, the plea bargain was based upon agreement to an illegal sentence and, second, the trial court acted within its discretionary sentencing powers to disallow the plea bargain and give Defendant the right to withdraw his guilty plea.
Regarding the first basis of our holding, we start with the premise that the supreme court has generally referred to the rules of contract law for application by analogy in determining the validity of plea agreements. See e.g., State v. Louis, 94-0761 (La.11/30/94), 645 So.2d 1144. Under the civil code, "an obligation cannot exist without a lawful cause." La. C.C. art. 1966. "The cause of an obligation is unlawful when enforcement of the obligation would produce a result prohibited by law or against public policy." La. C.C. art. 1968.
The original plea agreement which Defendant is trying to enforce is prohibited by law. La.C.Cr.P. art. 893 provides that "the court shall not suspend the sentence of a conviction for a crime of violence as defined in R.S. 14:2(13) ... (e)...." La. R.S. 14:2(13)(e) lists aggravated battery as a crime of violence. Thus, the "contract" Defendant is trying to enforcearticle 893 treatmenthas an unlawful cause. The contract then cannot exist under article 1966 and is an absolute nullity under La. *438 C.C. art. 2030 which provides, in pertinent part:
... a contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed. Absolute nullity may be invoked by any person or may be declared by the court on its own initiative.
Thus, the jurisprudence leads us to conclude that this entire "contract" is a nullity.
It has been held that a plea bargain, which attempted to afford a defendant an illegally lenient sentence in that it allowed for a suspended sentence for a third-felony offender, was an absolute nullity which could not be confirmed on appeal. State v. Guilbeaux, 99-591 (La.App. 5th Cir.11/10/99), 749 So.2d 16. In that case, the court held that it was not in society's best interest to uphold a plea bargain that afforded an illegally lenient sentence. Likewise, the plea bargain in the case sub judice is not enforceable.
Regarding the second basis for our decision, we note that, during the guilty plea colloquy, the trial judge and defense counsel agreed that, if the trial court decided against article 893 treatment, the bargain "will be scratched out and we'll be back to square one." This is a legitimate caveat since "a trial judge is under no duty to accept a plea bargain which restricts his sentencing authority." State v. Collins, 359 So.2d 174 (La.1978). The trial court decided not to grant a suspended sentence. The bargain was scratched out. The parties went back to square one. Nonetheless, the State agreed to accept a plea to a lesser offense (molestation) than originally charged (sexual battery). We conclude that the action of the trial court was well within the parameters of the agreement as stated by defense counsel. Defendant received exactly what he bargained for (back to square one) and then was allowed to plead to a lesser charge.
As a final note, defense counsel correctly points out that, when a plea bargain is breached, the defendant has the options of specific performance or to withdraw the guilty plea. State v. Bishop, 96-694 (La.App. 5th Cir.12/30/96), 686 So.2d 1053. That statement of the law, of course, assumes that, to begin with, there was a valid plea agreement. That statement also assumes a breach of the agreement. Here, the agreement, without regard to the trial court's reservation of authority to reject it, was null. Nonetheless, Defendant was given and chose the option to withdraw his guilty plea. Pursuant to the entire agreement, the parties went back to square one which was the sexual battery charge. Defendant suggests that, in the event this court finds that the motion to enforce the plea agreement was correctly denied, which we have found, the State should have charged him with aggravated battery, rather than sexual battery. We disagree. The reduction of the charge to aggravated battery was part of the entire bargain which the trial court rejected. The original charge was reinstated pursuant to the parties' agreement that withdrawal of the guilty plea would result in continued prosecution of the original charge.

CONCLUSION
For the foregoing reasons, Defendant's, Brian Nicholas Byrnside, conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] See State v. Crosby, 338 So.2d 584 (La. 1976).