PER CURIAM.
| Writ granted. The trial court’s ruling denying the defendant’s motion for ex-pungement is reinstated. La. R.S. 44:9 provides, in relevant part:
B. (1) Any person who has been arrested for the violation of a felony offense or who has been arrested for a violation of R.S. 14:34.2, R.S. 14:34.3, or R.S. 14:37 may make a written motion to the district court for the parish in which he was arrested for the expungement of the arrest record if:
(a) The district attorney declines to prosecute, or the prosecution has been instituted, and such proceedings have been finally disposed of by acquittal, dismissal, or sustaining a motion to quash; and
(b) The record of arrest and prosecution for the offense is without substantial probative value as a prior act for any subsequent prosecution.
(2) If, after a contradictory hearing with the district attorney and the arresting law enforcement agency, the court finds that the mover is entitled to the relief sought for the above reasons, it shall order all law enforcement agencies to expunge the record of the same in accordance herewith....
Emphasis added.
The court of appeal granted the defendant’s writ application, ruling that ex-pungement was appropriate owing to the use of the word “shall” in the statute. However, the plain language of La.R.S. 44:9(B)(2) gives discretion to the trial court to determine if the two conditions for granting a motion to expunge are satisfied. The|2inclusion of the word “shall” does not make the granting of the motion for ex-pungement automatic; rather, the trial court must find, after a contradictory hearing, that the two prerequisites are satisfied.
In the instant matter, the trial court found that while subsection (a) was met by virtue of the acquittal, subsection (b) regarding the record of the arrest and prosecutions’s lack of substantial probative value was not satisfied. Because the legislature wrote the two subsections con-junctively and not alternatively, a finding of both must be made. In detailed reasons, which included the defendant’s propensity for violence and an extensive criminal record, the trial court articulated why the latter was not achieved. We find no error in the denial of the defendant’s motion to expunge. Accordingly, we reinstate the trial court’s ruling.