JAMES F. MCKAY III, CHIEF JUDGE
liThe defendant, Constant Allah, appeals the trial court’s February 26, 2016 judgment, denying his motion for ex-pungement. For the reasons that follow, we convert the defendant’s appeal to an application for supervisory writ, grant the writ, and remand for further proceedings.
STATEMENT OF THE FACTS
The defendant was charged with one count of second degree kidnapping and two counts of carnal knowledge of a juvenile in a bill of information filed on March 31, 2011. He pled not guilty to all counts at his arraignment on April 11, 2011. On April 10, 2012, the State amended the bill of information to charge the defendant with three counts of second degree battery. On the same date, the defendant pled guilty to all three counts pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). After waiving delays, the trial court sentenced the defendant to serve three years at hard labor on each count, the sentences to be served concurrently. The sentence was suspended and deferred under article 893, and the defendant was placed on active probation for three years for each count. The trial court also imposed a fine and fees.
| aAfter paying all fines and completing his probation, the defendant filed a motion to set aside his conviction and dismiss the prosecution. The defendant also filed a motion for expungement, which the State opposed.
After hearing the matter, the trial court rendered judgment on February 26, 2016, denying the defendant’s motion for ex-pungement. The defendant filed a timely motion for appeal on March 8, 2016, and the trial court set a return date of March 24, 2016.
DISCUSSION
The sole issue in this criminal appeal is whether the trial court erred in denying the defendant’s motion for ex-pungement, which is not an appealable judgment.[1] “However, this Court’s custom is to convert an improperly filed criminal appeal to a writ.” State v. Waddell, 12-0111, p. 1 (La.App. 4 Cir. 10/24/12), 102 So.3d 1025, 1027 (citations omitted). Accordingly, the defendant’s appeal is converted to a writ.
The defendant argues that the trial court erred when it denied his motion for expungement because he entered his plea pursuant to La. C.Cr. P. art. 893 and Alford, supra. The State opposed the motion for expungement on the basis that second degree battery is designated a crime of violence.
La. C.Cr.P. art. 978, which governs the expungement of convictions, provides in pertinent part:
A. Except as provided in Paragraph B of this Article, a person may file a motion to expunge his record of arrest and conviction of a felony offense if either of the following apply:
(1) The conviction was set aside and the prosecution was dismissed pursuant to Article 893(E).
*165 |s(2) More than ten years have elapsed since the person completed any sentence, deferred adjudication, or period of probation or parole based on the felony conviction, and the person has not been convicted of any other criminal offense during the ten-year period, and has no criminal charge pending against him. The motion filed pursuant to this Sub-paragraph shall include a certification obtained from the district attorney which verifies that, to his knowledge, the applicant has no convictions during the ten-year period and no pending charges under a bill of information or indictment.
B. No expungement shall be granted nor shall a person be permitted to file a motion to expunge the record of arrest and conviction of a felony offense if the person was convicted of the commission or attempted commission of any of the following offenses:
(1) A crime of violence as defined by or enumerated in R.S. 14:2(B)[2].
* * * ⅜
C. The motion to expunge a record of arrest and conviction of a felony offense shall be served pursuant to the provisions of Article 979.
D. Expungement of a record of arrest and conviction of a felony offense shall occur only once with respect to any person during a fifteen-year period.
La, C.Cr. P. art. 978 (emphasis added).
La. C.Cr.P. art. 893 (the version in effect in 2012) allows for the suspension of sentences and imposition of probation. The statute also provides for the deferment of sentences in certain cases:
A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the | ¿supervision of the division of probation and parole. The court shall not suspend the sentence of a conviction for a crime of violence as defined in R.S. 14:2(B)(1), (2), (3), (4), (5), (9), (10), (11), (12), (13), (14), (15), (16), (18), (20), (21), (22), (26), (27) or (28), or of a second conviction if the second conviction is for a violation of R.S. 14:73.5, 81.1, or 81.2. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal. Supervised release as provided for by Chapter 3-E of Title 15 of the Louisiana Revised Statutes of 1950 shall not be considered probation and shall not be limited by the five-year period for probation provided for by the provisions of this Paragraph.
⅝ ⅝ ⅜ ¾*
E.(l)(a) When it appears that the best interest of the public and of the defendant will be served, the court may defer, in whole or in part, the imposition of a sentence after conviction of a first *166 offense noncapital felony under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole.
(b) The court shall not defer a sentence under this provision for an offense or an attempted offense which is defined or enumerated as a crime of violence under R.S. 14:2(B) or a sex offense as defined by R.S. 15:541, involving a child under the age of seventeen years or for a violation of the Uniform Controlled Dangerous Substances Law that is punishable by a term of imprisonment of more than five years or for a violation of R.S. 40:966(A), 967(A), 968(A), 969(A), or 970(A). (emphasis added).
(2) Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumu-lation of offenses. Dismissal under this Paragraph shall occur only once with respect to any person.
[[Image here]]
F. Nothing contained herein shall be construed as being a basis for destruction of records of the arrest and prosecution of any person convicted of a felony.[3]
In the present case, the defendant entered into a plea agreement in which he pled guilty to three counts of second degree battery. The waiver of constitutional Isrights/plea of guilty stated that the defendant’s sentence was to be “3 years DOG suspended, deferred. 3 years active probation, $1000 fine plus costs. Concurrent.” At the sentencing hearing held on April 10, 2012, the trial court stated that the sentences were suspended and deferred under La. C.C.P. art. 893. The trial court also noted that the defendant was being sentenced under La. C.Cr.P. art. 893, “the expungeable statute.”
Deferment of sentences imposed for convictions of crimes of violence are generally not permitted under La. C.Cr.P. arts. 893 and 978. As such, the State argues that the trial court was without authority to defer the sentences, and the trial court’s statements concerning the deferment of the sentences are without effect and cannot be used to allow for the expungement of the defendant’s convictions. The defendant counters that the plea agreement is a contract between the State and the defendant, and the defendant can demand specific performance of the plea agreement, including the ability to expunge the convictions on the basis that his sentences were deferred. The defendant submits that the State is estopped from arguing that defendant’s convictions cannot be expunged because the State did not object to the ex-pungement at the time of sentencing. The defendant also argues, in the alternative, that if the trial court could not defer the sentences, then the plea agreement is null and without effect, and he should be allowed to withdraw his guilty plea.
In determining the validity of agreements not to prosecute or of plea agreements, the courts generally refer to *167 rules of contract law. State v. Nall, 379 So.2d 731 (La. 1980); State v. Lewis, 539 So.2d 1199 (La. 1989). Contractual principles may be helpful by analogy in deciding disputes involving plea agreements. Ricketts v, Adamson, 483 U.S. 1, 16, 107 S.Ct. 2680, 2689, 97]fiL.Ed.2d 1 (1987). However, the criminal defendant’s constitutional right to fairness may be broader than his or her rights under contract laws. Nall, 379 So.2d at 734 (Dennis, J., concurring). Moreover, commercial contract law can do no more than to serve as an analogy or point of departure, since “plea agreements are constitutional contracts.” Ricketts, 483 U.S. at 16, 107 S.Ct. at 2689.
In State v. Louis, 94-0761 (La. 11/30/94), 645 So.2d 1144, the Supreme Court referred to the law of contracts for application by analogy in determining whether a plea agreement existed. The Court noted that a contract is formed by the consent of the parties established through offer and acceptance. La. C.C. art. 1927. Once there is an offer and acceptance, the agreement is subject to specific performance. La. C.C. art. 1986. The obligation may be dependent upon an uncertain event. La. C.C. art. 1767. A lawful cause is also necessary to the existence of a contract. La. C.C. art. 1966. The cause is the reason why a party obligates himself. La. C.C. art. 1967. “A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying.” La. C.C. art. 1967.
One of the defects of consent which may vitiate an agreement is error. La. C.C. art. 1948. An error “vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party.” La. C.C. art. 1949. “Error may concern a cause when it bears on the nature of the contract, or the thing that-is the contractual object or a substantial quality of that thing, or the person or the qualities of the other party, or the law, or any other circumstances that the parties |7regarded, or should in good faith have regarded, as a cause of the obligation.” La. C.C. art. 1950.
In State v. Byrnside, 34,948 (La.App. 2 Cir. 8/22/01), 795 So.2d 435, the defendant was charged with sexual battery. However, pursuant to a plea bargain the defendant pled guilty to aggravated battery in exchange for the State’s recommendation that he be sentenced under La. C.Cr.P. art. 893. The trial court rejected the plea bargain, refusing to sentence the defendant under article 893, and allowed the defendant to withdraw his plea of guilty. The defendant then filed a motion to enforce the plea bargain, which the trial court denied. The defendant then entered a guilty plea to molestation of a juvenile, reserving his right to appeal the denial of the motion to enforce the original plea agreement. On appeal, the Second Circuit Court affirmed, finding that the plea bargain was prohibited by law, stating as follows:
The original plea agreement which Defendant is trying to enforce is prohibited by law. La. C.CrJP. art, 893 provides that “the court shall not suspend the sentence of a conviction for a crime of violence as defined in R.S. 14:2(13) ... (e)....” La. R.S. 14:2(13)(e) lists aggravated battery as a crime of violence. Thus, the “contract” Defendant is trying to enforce—article 893 treatment—has an unlawful cause. The contract then cannot exist under article 1966 and is an absolute nullity under La. C.C. art. 2030 which provides, in pertinent part:
... a contract is absolutely null when it violates a rule of public order, *168 as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed. Absolute nullity may be invoked by any person or may be declared by the court on its own initiative.
Thus, the jurisprudence leads us to conclude that this entire “contract” is a nullity.
It has been held that a plea bargain, which attempted to afford a defendant an illegally lenient sentence in that it allowed for a suspended sentence for a third-felony offender, was an absolute nullity which could not be confirmed on appeal. State v. Guilbeaux, 99591 (La. App. 5th Cir. 11/10/99), 749 So.2d 16. In that case, the court held that it was not in 1 «society’s best interest to uphold a plea bargain that afforded an illegally lenient sentence. Likewise, the plea bargain in the case sub judice is not enforceable,
Byrnside, 34,948, pp. 4-5, 795 So.2d at 437-438.
We note that in the present matter, the State was aware of the use of La. C.Cr.P. art. 893 in sentencing the defendant pursuant to the plea agreement. The waiver of rights/guilty plea form specifically states that the defendant’s sentences were to be deferred. The State did not object when the guilty plea form was executed or when the trial court imposed sentence, specifically referencing La. C.C.P. art. 893 and stating that the sentences were deferred and noting that the defendant was being sentenced under “the ex-pungeable statute”. Notwithstanding the fact that the State acquiesced in the plea agreement, for which an argument can be made that the State cannot now object to the expungement of the defendant’s conviction pursuant to La. C.C.P. art. 893,[4] the fact remains that the defendant’s plea under La. C.Cr.P. art. 893 is an absolute nullity.
It is well established that a trial court may set aside a guilty plea and sentence when the facts surrounding the guilty plea show it to be constitutionally deficient. State v. Smith, 406 So.2d 1314 (La. 1981). A guilty plea is constitutionally infirm when a defendant is induced to enter that plea by what he justifiably believes was a plea bargain, and that bargain is not kept. State v. Dixon, 449 So.2d 463 (La. 1984). As the Court further noted:
This court has consistently permitted a constitutionally infirm guilty plea to be withdrawn after sentencing by way of appeal or post conviction relief. State v. Hayes, 423 So.2d 1111 (La. 1982), and cases cited therein. It is by now settled law that a guilty plea is |9constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. In such a case a defendant has been denied due process of law because the plea was not given freely and knowingly. State v. Hayes, supra; State ex rel. LaFleur v, Donnelly, 416 So.2d 82 (La. 1982); State v. Jones, 398 So.2d 1049 (La. 1981); State v. Neitte, 363 So.2d 425 (La. 1978); State ex rel, Clark v. Marullo, 352 So.2d 223 (La. 1977).
Dixon, 449 So.2d at 464.
The question presented here is whether the promise of expungement was an inducement or consideration for the defendant’s plea. Based on the plea collo *169 quy, which includes statements made by the trial court, it is reasonable to conclude that the defendant had a justifiable belief that he would receive the benefit of La. C.Cr.P. art. 893. Thus, it is unclear whether defendant’s plea was freely and knowingly given. Accordingly, this matter is remanded to the trial court for an eviden-tiary hearing to determine whether the defendant’s plea was freely and knowingly made, with reservation of the defendant’s right to withdraw his guilty plea.
CONCLUSION
For the reasons assigned, the case is remanded to the trial court with instructions to hold an evidentiary hearing to determine whether the defendant’s plea was freely and knowingly made, and to allow the defendant the opportunity to withdraw his plea, if he so chooses.
APPEAL CONVERTED TO WRIT; WRIT GRANTED; REMANDED
JENKINS, J., DISSENTS AND ASSIGNS REASONS

. The proper method for seeking review of the denial of a motion for expungement is through an application for supervisory writs. State v. Gettridge, 13-1261 (La, 1/10/14), 131 So.3d 37.

. Second degree battery is a crime of violence under La. R.S. 14:2:
B. In this Code, “crime of violence” means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon. The following enumerated offenses and attempts to commit any of them are included as “crimes of violence”:
* * * *
(6) Second degree battery.

. La. C.Cr.P. art. 893 has since been amended. Those changes are not pertinent here.

. See State v. Coleman, 42,953 (La.App. 2 Cir. 2/20/08), 977 So.2d 203, where the court held that the State could not complain about the trial court’s order granting the defendant’s motion for expungement because the State did not object to the sentence and, thus, acquiesced in the judgment,