STATE OF LOUISIANA      *      NO. 2023-K-0578

VERSUS      *

     COURT OF APPEAL

RAYMOND FORMAN      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 449-693, SECTION "H"
Honorable Camille Buras, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge
Dale N. Atkins)



Laura Anne Reeds
JUSTICE & ACCOUNTABILITY CENTER OF LOUISIANA
4035 Washington Ave, Suite 203
New Orleans, LA 70125

     COUNSEL FOR RELATOR


Jason Rogers Williams, District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 S. White St
New Orleans, LA 70119

     COUNSEL FOR RESPONDENTS


             **WRIT GRANTED; JUDGMENT REVERSED;
             JUDGMENT RENDERED**

             **September 28, 2023**

This is an expungement action. Raymond Forman ("Mr. Forman") filed this action seeking to expunge three charges against him relating to an arrest that occurred on June 25, 2004. The State of Louisiana ("State") opposed the expungement. From the district court's August 24, 2023 judgment denying the expungement motion, Mr. Forman filed this writ application seeking supervisory review. For the following reasons, we grant Mr. Forman's writ, reverse the district court's judgment, and render judgment granting Mr. Forman's expungement motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Mr. Forman was charged with attempted first-degree murder, aggravated battery, and second-degree kidnapping on June 25, 2004. Two months later, the District Attorney's Office refused all of these charges. These offenses can no longer be prosecuted due to the statute of limitations.[1]

---

[1] La. C.Cr.P. art 5722 provides as follows:
A. Except as provided in Articles 571 and 571.1, no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed:
(1) Six years, for a felony necessarily punishable by imprisonment at hard labor.
(2) Four years, for a felony not necessarily punishable by imprisonment at hard labor.

1

Mr. Forman filed and served an expungement motion on the Louisiana State Police ("LSP") in December 2022. At an earlier hearing, Mr. Forman obtained *in forma pauperis* ("IFP") status by order of the district court. Pursuant to Louisiana law, Mr. Forman is eligible for the waiving of clerical fees related to his expungement as a result of his IFP status. On February 14, 2023, Mr. Forman filed an amended expungement motion to add an arrest charge that was not mentioned in the original.

In response, the LSP filed an affidavit of response to oppose Mr. Forman's motion. In that filing, the LSP stated that Mr. Forman was not exempt from paying the statutory fees as required by La. C.Cr.P. art. 983 due to his criminal history reflecting a subsequent arrest for a felony without a disposition.

**May 30, 2023 Hearing**

A contradictory hearing was held on May 30, 2023. LSP did not appear to oppose the expungement motion; however, the Court was able reach LSP counsel by telephone. LSP records showed that Mr. Forman had been arrested in 2009 for misdemeanor aggravated battery and misdemeanor aggravated theft in Orleans Parish, but no disposition information was provided. Further, the minute entries indicate that the District Attorney's office refused all charges in April of 2010. The District Attorney's Office informed the district court of its position that it did not oppose Mr. Forman's expungement motion and a response to that effect was filed that morning.

---

(3) Two years, for a misdemeanor punishable by a fine, or imprisonment, or both.
(4) Six months, for a misdemeanor punishable only by a fine or forfeiture.

The district court nevertheless showed concern for a 2003 arrest in Jefferson Parish for which no disposition information could be found. Further prosecution for any charges related to the subsequent arrest noted by the district court were barred by statutory limitations as reflected by Mr. Forman's counsel. Due to the incomplete record of this arrest, the district court set the case for another hearing wherein the record would be supplemented.

**August 3, 2023 Hearing**

The district court held a second hearing on August 3, 2023. The record was earlier updated to show that Jefferson Parish refused the charges in the 2003 case against Mr. Forman on February 10, 2004. The district court noted that the LSP filed an opposition to Mr. Forman's expungement motion. Mr. Forman's counsel replied:

> Yes, Your Honor. They filed opposition in March related to nonpayment of fees. But Mr. Forman was allowed to proceed in forma pauperis by this Court. His IFP was granted and in the record December 13, 2022.
>
> And so, at this time, we'd ask that you order his expungement, as he is statutorily eligible.

The district court then inquired about a 2009 arrest for aggravated battery. Mr. Forman's counsel clarified that the charge was refused on April 21, 2010. The district court observed:

> I'm seeing that the defendant has an arrest for aggravated battery November 26, 2009. And I am not at this time, unless I'm compelled to do so by law – and please educate me if I – if it's compulsory or not. But I am not going to expunge an attempt first degree murder, aggravated burglary, and three counts of second degree kidnapping – or one count of second degree kidnapping, in light of the fact that he has a 2009 aggravated battery arrest.

Mr. Forman's counsel asserted that the district attorney's dismissal of the 2009 charge and the lack of intervening convictions during the relevant time period

3

meant that Mr. Forman was entitled to expungement pursuant to La. C.Cr.P. 976(A)(2). Further, Mr. Forman's counsel argued that objections to expungement should be overruled unless the opposing party can meet their burden of proof in showing why the motion should not be granted.[2] Also, when an individual is entitled to expungement in accordance with the law and no timely opposition is filed, the court "shall" grant the expungement.[3] Maintaining its earlier position that it had discretion to deny the motion, the district court denied Mr. Forman's expungement motion.

On August 8, 2023, Mr. Forman's counsel appeared and confirmed that the district court had denied the expungement motion at the previous hearing. Counsel requested that a rehearing be set before the expiration of the thirty-day writ deadline. The district court set the rehearing for August 24, 2023.

**August 24, 2023 Hearing**

The district court conducted a rehearing on August 24, 2023. Once again, LSP failed to appear. In response to the inquiry by the trial court as to the position of the state police regarding the payment of fees, Mr. Forman's counsel stated:

> They will file an opposition sometimes. They generally do not show up to the hearing that is required -- that is triggered by their filing of that opposition, in the one case where a judge agreed that they sort of had a good legal argument and denied the motion for expungement — that was a Jefferson Parish case — we took a writ on that.
> The Fifth Circuit — I explained the Fifth Circuit decision in my memorandum of law. They didn't even file a reply, your Honor. They

---

[2] Mr. Forman's counsel was referring to La. C.Cr.P. art. 980(E) and (F), provides as follows:

> E. The objecting agency must show by a preponderance of the evidence why the motion of expungement should not be granted.
> F. If no objection is filed by an agency listed under Article 979 of this Code, the defendant may waive the contradictory hearing, and the court shall grant the motion to expunge the record if the court determines that the mover is entitled to the expungement in accordance with law.

[3] *Id.*

delayed that case by requesting additional time to file a reply and then they did not. The state police has literally never given any sort of legal authority to support their position. They're basically just saying, you know, we don't care what the law says, we want our money. And we don't believe that that is an appropriate basis on which to deny an expungement.

THE COURT: I need to take this under advisement. I know you have been so diligent, Ms. Reed, in coming to court. I have a real Mr. Forman's counsel provided notice of intent to apply for a supervisory problem granting an expungement on this case where I'm not — I don't have anything from the state police except an opposition.

MS. REEDS:
The state police have had numerous opportunities to appear in court.

THE COURT:
Well, they have appeared. They have appeared. They're saying they're opposed to it.

MS. REEDS:
That's not an appearance, your Honor. Filing an opposition triggers a hearing, if no opposing party files an opposition, no hearing is necessary and the motion should be granted without a hearing so they have triggered a hearing by filing opposition. And then this case has been set numerous times. They never show up to court. Your Honor called them once on the phone. They didn't make any sort of They didn't make any sort of legal arguments during that phone call. I believe that their behavior is frivolous and we're sort of out of time at this point because —

THE COURT:
All right, I'm denying the motion.449-693; Raymond Forman. Motion to expunge is denied.

This writ followed.

## DISCUSSION

The sole issue before this Court is whether the district court properly denied

the expungement motion.

5

Over the course of the last decade, the Louisiana Legislature enacted reforms to overhaul the expungement laws in this state. Before 2014, La. R.S. 44:9(B)(1) listed the requirements necessary to grant a request to expunge an arrest for a felony from a person's record. The statute provided as follows:

> B. (1) Any person who has been arrested for the violation of a felony offense or who has been arrested for a violation of R.S. 14:34.2, R.S. 14:34.3, or R.S. 14:37 may make a written motion to the district court for the parish in which he was arrested for the expungement of the arrest record if:
>
> (a) The district attorney declines to prosecute, or the prosecution has been instituted, and such proceedings have been finally disposed of by acquittal, dismissal, or sustaining a motion to quash; and
>
> (b) The record of arrest and prosecution for the offense is without substantial probative value as a prior act for any subsequent prosecution.
>
> (2) If, after a contradictory hearing with the district attorney and the arresting law enforcement agency, the court finds that the mover is entitled to the relief sought for the above reasons, it shall order all law enforcement agencies to expunge the record of the same in accordance herewith...

La. R.S. 44:9(B)(1). The Louisiana Supreme Court interpreted subsections (B)(1)(a) and 1(b) as establishing two requirements that must be satisfied by an individual seeking expungement. *State v. Gettridge*, 2013-1261, pp. 1-2 (La. 1/10/14), 131 So.3d 37. Further, the Louisiana Supreme Court held that the language of La. R.S. 44:9(B)(1) provided the district court with discretion in granting the expungement based on its "substantial probative value." *Id*.

Following *Gettridge*, the Louisiana Legislature repealed La. R.S. 44:9 and passed new laws that expanded the eligibility for expungement.

6

Louisiana Code of Criminal Procedure art. 976 provides:

> A. A person may file a motion to expunge a record of his arrest for a felony or misdemeanor offense that did not result in a conviction if any of the following apply:
> (1) The person was not prosecuted for the offense for which he was arrested, and the limitations on the institution of prosecution have barred the prosecution for that offense.
> (2) The district attorney for any reason declined to prosecute any offense arising out of that arrest, including the reason that the person successfully completed a pretrial diversion program.
> (3) Prosecution was instituted and such proceedings have been finally disposed of by dismissal, sustaining of a motion to quash, or acquittal.

La. C.Cr.P. art. 976(A)(1)-(3). Essentially, the new expungement statutes, which apply here, provide that a person may file a motion to expunge a record of his arrest that did not result in a conviction if: 1) he was not prosecuted for the offense within the statutory limitations on the institution of protect, 2) the district attorney decline to prosecute for any reason, or 3) the case was dismissed or quashed after the initiation of prosecution or the person was acquitted.

In cases in which there is an arrest and a conviction of a misdemeanor offense, a person is entitled to expungement if the following applies: 1) the conviction was set aside and the prosecution was dismissed under La C. Cr. P. art. 894(B) and 2) more than five years has elapsed since the completion of the sentence and there have been no felony convictions in that period nor any felony convictions pending. La. C.Cr.P. 977(A)(1)-(2). Thus, Mr. Forman must demonstrate eligibility under both La. C.Cr.P. arts. 976 and 977 to be eligible for expungement of his 2004 arrest in Orleans Parish.

As was done in this matter, the State is entitled to file an opposition to an expungement motion. An objecting party has sixty days from the date of service of

the expungement motion to file an affidavit of response and must specifically state the grounds for the objection. La. C.Cr.P. 980(B)(1). Where no opposing party has filed a timely objection to an expungement motion, "the court shall grant the motion to expunge the record if the court determines that the mover is entitled to the expungement in accordance with law." La. C.Cr.P. art. 980(F). When an objection has been timely filed, the party opposing expungement bears the burden of proving, by a preponderance of the evidence, that the motion should not be granted. La. C.Cr.P. art. 980(E).

Whether a district court was legally correct in its interpretation and application of the felony expungement statute is a question of law that is reviewed *de novo*, affording no deference to the district court's decision. *State v. Dempster*, 2020-67, p. 4 (La. App. 5 Cir. 7/29/20), 301 So.3d 1203, 1205 (citing *State v. George*, 2019-280, p. 4 (La. App. 5 Cir. 1/15/20), 289 So.3d 1192, 1195).

At the hearing conducted on May 30, 2023, the district attorney reiterated its position that it did not oppose Mr. Forman's expungement motion and a response to that effect was filed that morning. Nevertheless, the LSP filed an objection on March 16, 2023, stating: "Mover is not exempt from paying the statutory fee to the Bureau as required by [La.] C.Cr.P. art. 983 because his criminal history shows that he was subsequently arrested for a felony and there is no disposition." Despite its argument, LSP submitted no legal authority to support its position, failed to appear at any of the hearings before the district court, and made no effort to meet

its burden to demonstrate by a preponderance of the evidence that the expungement should not be granted.

Pursuant to the requirements of the expungement statutes, Mr. Forman has demonstrated that the charges were not prosecuted within the statutory limitations on the institution of prosecution, the district attorney refused the charges, and the district attorney did not object to the expungement. La. C.Cr.P. art. 976.

Moreover, the record reflects that Mr. Forman was granted IFP status on December 15, 2022. In *E.B. et al. v. Landry, et al.*, No. CV 19-862-JWD-SDJ, 2022 WL 1144834 (M.D. La. Apr. 18, 2022), the State of Louisiana contended that IFP status acts as a waiver of the entire $550 fee set forth in La. C.Cr.P. art. 983(B), including the $250 fee allocated to LSP. The federal district court accepted the State's representation that, under Louisiana law, indigent paupers have recourse to the IFP process to obtain expungements without payment of fees. *Id*. at *11. The federal district court stated:

> [T]he Court finds that Louisiana's expungement statute does, in fact, account for the expungement seeker's ability to pay the statutory fees for obtaining a court order expunging a record. *See* La. Code Crim. Proc. art. 983. This is evidenced by the statute's text, which clearly states: "Notwithstanding any provision of law to the contrary, an applicant for the expungement of a record ... may proceed in forma pauperis in accordance with the provisions of Code of Civil Procedure Article 5181 et seq." *Id*. art. 983(I).

*Id.* at *11.

Similarly, in *State v. Young*, 2023-204 (La. App. 5 Cir. 6/22/23), 2023 WL 4112305 (*unpub*), the appellate court held that an individual granted IFP status "is not required to pay any part of the $550.00 cost to obtain an expungement order,

9

including the $250.00 processing fee the State Police is permitted to charge." *Id.* at *1. The plain language of both the expungement and IFP laws make clear that pauper status granted under Code of Criminal Procedure article 983(L) acts as a waiver to all of the fees listed in article 983(B). *Id.* at * 5. Any other interpretation, the court held, would lead to absurd results and nullify the purpose of IFP status. *Id*. The court also noted that in the *E.B. v. Landry* case the State itself took the position that IFP status waives the entire $550 expungement processing fee, specifically including the $250 LSP fee. *Id*.

Considering the plain language of the expungement statutes coupled with recent interpretations of those provisions by the courts, LSP's opposition here is unpersuasive. The district court waived all expungement fees when it granted Mr. Forman IFP status. Further, Mr. Forman satisfied the statutory requirements entitling him to an expungement. Conversely, LSP failed to show by a preponderance of the evidence why Mr. Forman's expungement motion should not be granted.

## DECREE

For the foregoing reasons, the Relator's writ application is granted, the district court's August 24, 2023 judgment is reversed, and judgment is rendered in Relator's favor granting his expungement motion.

**WRIT GRANTED; JUDGMENT REVERSED; JUDGMENT RENDERED.**